ATTORNEY DISCIPLINARY PROCEEDINGS
JjPER CURIAM.*
This matter arises from a motion for reciprocal discipline pursuant to Supreme Court Rule XIX, § 21[1] filed by the Office *878 of Disciplinary Counsel against respondent, Clifford L. Lee, II, an attorney licensed to practice law in the State of Louisiana and the State of North Carolina. Attached to the motion was a certified copy of the “Order of Discipline” dated July 17, 1998, rendered by the Disciplinary Hearing Commission of the North Carolina State Bar. Pursuant to that order, respondent was suspended from the practice of law in the State of North Carolina for a period of three years, with the last two years of the suspension to be stayed pending respondent’s performance of certain specified conditions.[2]
I ¡>Upon review of the matter, we find respondent has failed to make a showing of any of the elements under Supreme Court Rule XIX, § 21(D)[3] which would preclude this court from imposing the identical discipline as imposed in North Carolina.
Accordingly, it is ordered that respondent, Clifford L. Lee, II, be suspended from the practice of law in Louisiana for a period of three years from the date of finality of this judgment, with the last two years of this suspension to be stayed upon respondent’s proof of compliance with the conditions set forth by the Disciplinary Hearing Commission of the North Carolina State Bar in its order of July 17, 1998.

 Johnson, J. not on panel. Rule IV, Part 2, § 3.

. Supreme Court Rule XIX, § 21(A) provides: A. Disciplinary Counsel Duty to Obtain Order of Discipline From Other Jurisdiction. Upon being disciplined by another state disciplinary agency, a lawyer admitted to practice in Louisiana shall promptly inform disciplinary counsel of the discipline. Upon notification from any source that a lawyer within the jurisdiction of the agency has been disciplined in another jurisdiction, disciplinary counsel shall obtain a certified *878 copy of the disciplinary order and file it with the board and with the court.

. The Order was rendered after the Hearing Committee found respondent had misappropriated client funds from his trust account for most of 1996. He advanced money from his trust account to pay himself fees owed for personal injury cases prior to the time the money was deposited into his trust account for those particular cases. Respondent admitted the essential allegations, but he argued the Hearing Committee should not disbar him because he was using funds from one client to benefit other clients. However, respondent was unable to identify specific client needs to justify the advancement of fees. Furthermore, respondent admitted in the North Carolina proceeding that he engaged in a pattern and practice of writing checks for legal fees when he received a settlement offer that was "sufficiently definite” to conclude the funds would be obtained. The North Carolina Hearing Commission found respondent had advanced fees to himself in more than forty cases.

. Supreme Court Rule XIX, § 21(D) provides: D. Discipline to Be Imposed. Upon the expiration of thirty days from service of the notice pursuant to the provisions of paragraph B, this court shall impose the identical discipline unless disciplinary counsel or the lawyer demonstrates, or this court finds that it clearly appears upon the face of the record from which the discipline is predicated, that:
(1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
(2) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the court could not, consistent with its duty, accept as final the conclusion on that subject; or
(3) The imposition of the same discipline by the court would result in grave injustice; or
(4) The misconduct established warrants .substantially different discipline in this state.
If this court determines that any of those elements exists, this court shall enter such other order as it deems appropriate. The burden is on the party seeking different discipline in this jurisdiction to demonstrate that the imposition of the same discipline is not appropriate.